Good morning, honors. May the prince court, my name is Ji-Hsien Lee on behalf of petitioner. I'm glad these two cases are scheduled for our argument together, because in this case, the BI, again, assume no credibility, and found, nevertheless, denied petitioner's application for asylum for one of the primary reasons is that there was no other resistance in this case. Even though the BIA, in the last case, specifically states in his decision that the removal of IOD would constitute a form of resistance. And in this case, the petitioner testified that he played a role, assisted his wife in having the IOD removed. That's a form of resistance based upon the BIA's own decision. So the BIA clearly erred in denying petitioner's asylum claim based upon lack of resistance. And also, the question arises that there's no past persecution. In this case, again, I would argue that the community, what happened to petitioner and his wife would rise to the level of past persecution if we take into account all the sufferings by petitioner and his wife. In this case, there's a forced abortion, and so there's a fine, and also, there's an insertion of IOD in addition to that the petitioner and his wife was being forced into hiding to avoid future persecution. So if the court does not agree with me on the issue of past persecution, I would like to join the government in asking this case, in granting the petition for review based upon the petitioner's claim of well-founded fear of persecution. Now, the BIA in this case did not address the adverse credibility finding, correct? Yes, Your Honor. And if we remand, then under our case law, Barraza-Rivera, the BIA has the opportunity to have a do-over with regard to the credibility finding? I don't think so, Your Honor, because the BIA has already... Okay, the law is clear. The law says that if the BIA does not make an explicit finding of adverse credibility, and then petitioner is assumed to be credible. So in this case, if there's a remand, and the petitioner would still have been assumed to be credible, unless... But if Judge Wynn says, if it goes back to the BIA, why can't they take another look at his credibility? Because they never reached it the first time. Yes. I don't quite understand your answer to Judge Wynn. Okay, if that's the case, and then we look at the IJS decision to see if the IJS reasoning to support her adverse credibility finding is supported by the substantial evidence in the record, in which case the petitioner has argued in his brief to the BIA that the substantial evidence would not support the IJS adverse credibility finding. Right, that's what I'm saying. As I understand it, under a case law, if under an assumed set of facts or evidence, the petitioner is entitled to relief, but the BIA never reached the adverse credibility finding, as I understand it, we're required to remand for the BIA to take another look at the adverse credibility finding. And I wanted to give you an opportunity to respond to that. Yeah, if the court is taking that position, and then I feel confident that the petitioner will overcome the burden of proof, showing that he's credible, if given an opportunity. So, as I understand what happened here, or where we're at procedurally, is the government has filed a motion to remand. Correct? Yes, Your Honor. You really didn't oppose that. No, Your Honor. We asked that it be heard in conjunction with the petition for review of the decision. That's right, Your Honor. So, as Judge Wynn pointed out, the BIA didn't, the IJ addressed adverse credibility, but the BIA didn't, right? Yes, Your Honor. So, I guess we could just decide the case on the record that we have, correct? Yes, Your Honor. And not even say anything about credibility, right? That's right, Your Honor. We could just ask whether or not the board's decision is supported by substantial evidence. Yeah, that's my understanding, Your Honor. And if we were to disagree with the board, we would grant the petition and remand, and he would get relief. That's right, Your Honor. Right? Is that the argument you wanted to make? Yes, Your Honor, and then if the court is inclined not to grant the petition for review, and then I would agree with the government in remanding in the minimum. That's your fallback. Yes, Your Honor. Okay, I think I got it. Yeah, if no further questions from the panel, I will again reserve my time for possible rebuttal. Thank you. Welcome back. May it please the court, Kosei Igamori for the United States Attorney General in this case. The government moves to remand this case based on intervening circuit precedent. In Ijun G. v. Holder, decided by this court in 2014, two years after the board's decision in this case, the court clarified that the procedural framework set forth in Wren v. Holder was in fact a holding and not dicta. It should be noted that at the time of the board's decision, a separate panel of this court had explicitly stated in a published decision that the procedural framework set forth in Wren v. Holder was in fact dicta because it wasn't necessary to the disposition of Wren. However, after the board's decision in this case, that decision, that panel decision was vacated and this court subsequently clarified that the procedural framework in Wren is in fact a holding and not dicta. So there's clearly been a change in the legal circumstance in this case.  we do believe that a remand would benefit the court, the parties, and the board if this case were remanded. Let me ask you this, sir. If we were to grant your motion, what happens when it goes back to the board? Well, it would be up to the board to decide, Your Honor. But- Sort of an unrestricted remand. Basically a do-over. Yes, the board has discretion to dispose of the case in any way it deems appropriate. Now, our unopposed remand motion does provide some guidance as to what we think the board might consider, but they're not bound by any of that, Your Honor. As Judge Wynn raised the question, they could go in and say, well, the adverse credibility decision, and affirm, you'd say, reject any challenge to the adverse credibility decision, right? They could- That he loses because it's just not believable. They could, but it's not necessarily the case, Your Honor. The board has discretion to decide cases before it in the way it seems, in the way it's appropriate. So having assumed credibility in the first round and your having accepted that in your briefing, that that's how you've been arguing the case before us, that you accepted that the BIA found him credible and then argued that there was insufficient evidence, right? Yes, so- So if we were to conclude that on that state of the record, we didn't think you had, the government had made its case at all, we could simply decide on the record as it exists. Well, the government would not concede to that, Your Honor. We think that the case, although on its face, appears to implicate Wren, it may not do so. And the board has discretion to perhaps expand Wren into situations such as these, or perhaps distinguish it and say it doesn't apply in a situation such as this case. Here, again, it's not the ordinary type of Wren case where a person is assumed to be credible and then does not submit sufficient evidence. Here, the person assumed credible submits evidence that's contradicted by other evidence in the record. So while facially, it does appear that Wren is implicated because the board said he's credible, but he hasn't submitted sufficient evidence, here, the circumstances are a little different. So in that regard, the board could extend Wren and say it's good policy to apply it to these types of cases as well, or perhaps the board could distinguish it in the way that the government describes now or in a different way. Again, it's up to the board to decide how to move forward with the case. And because of the change in law, we think it prudent at this stage for the court to remand the case and grant the government's motion. And the conflict in the evidence is what? Well, in this case, for example, the village notice that was submitted, there is evidence in the record that says the village does not have authority to issue such notices and that such notices should be deemed ineffective. Petitioner's wife also testified, not testified, in her letter claimed that the family planning officials are pursuing her and will also pursue the petitioner for federalization. However, she's been in China since 2005. Nothing has happened. That's his testimony. And furthermore, according to the country reports, such practices are prohibited and generally do not occur. So- In this province? Yes, yes, Your Honor. So- That's his province. Maybe I'm getting the wrong one. I thought it was the province that does enforce it. That's not my understanding, Your Honor. His testimony was that since 2005, he has not alleged that his wife has been pursued by family planning officials. And furthermore, there's country conditions evidence that say the village notice is ineffective. And furthermore, that forced sterilizations are generally prohibited. So unless he comes up with specific evidence to the contrary, the evidence here is insufficient. What's the province here? The province here is Fujian, Fujian province, Your Honor. I thought that was the one. I wrote an opinion where we detailed how, I thought it was that province, but I could be mistaken, that they were sort of out of step with official policy. They still enforced it. Well, it depends on the regional practices, Your Honor. Generally, it is- That's what I'm talking about, the province. That's regional as it gets, isn't it? Well, Fujian is pretty large. I understand that, but you're saying it has to go village by village? Not necessarily, Your Honor, but there is no evidence in this case that petitioner has submitted that there is forced sterilizations. And in his own testimony about the safety of his wife, actually undermines his claim that there is a likelihood of harm in this case. But in any event, this case, because the government believes that the past persecution finding is solid, but it's really the well-founded fear finding here. The consideration of the three documents appears to implicate rent, and so it should be remanded for that reason. However, the board is not bound by it, and it can decide the case on adverse credibility, or perhaps a different element of asylum, perhaps the nexus ground. But that is really up to the board, and it's up to the agency's discretion to dispose of the case as it sees appropriate. And so, in light of the intervening law, the government requests that this case be remanded. Now, in the other case you argued, how is this different in terms of Wren and the other case coming down after? You're saying, well, there's been a change in the law, and your former arguments say, well, we didn't need to do it because there wasn't a law yet. Well, this one's a little different in the sense that the prior case, there was an exhaustion bar. In this case, there is not. The petitioner raised a notice type argument in his appeal, and that's what distinguishes this case from the prior. There are no further questions. The government will rest on its submissions. Your Honor, I just want to point out a few things that the government just stated, which was conflicted by evidence in the record. In the government was claiming there was no evidence, or documentary evidence, showing that the sterilization operation would be, the Fujian province would carry out a possible sterilization operation. A petitioner submitted in the record a notice from the village, and then which, in that notice, it clearly says that the notice was issued to the wife, saying that if you were not, that it would be page 330 of the administrative record, and it says that you should report to this office at a certain time, and if your failure to do so, we'll incur a fine for each day delayed, in addition to compulsory enforcement. And that's what the notice says. And then the government raised the issue that the notice is not reliable because it came from the village committee. And also, in the record, there's a population control law that is in the record, which clearly indicates that's on page 257, and article 12, it clearly states that village committees and resident committees shall do effectively implement family plannings in accordance with law, which directly contradicts what the BIA said in its decision. So I would submit to the court that the BIA's finding that the cooperating evidence submitted by petitioner in the record is not reliable because it was from the village committee is contradicted by evidence in the record. And for that reason alone, the BIA's decision, the analysis regarding the well-founded fear of future persecution should be set aside. And if the court vacates the BIA's decision relating to the well-founded fear of future persecution, I think the court can decide this case as it is, and grant petitioner's request and make a finding that a petitioner has submitted enough evidence, both testimony and the documentary evidence, to show that he's eligible for asylum, particularly, mainly on his claim of well-founded fear of future persecution. Okay, thank you, Your Honor. Thank you, Mr. Li. Thank you, counsel. We appreciate your arguments this morning. Thank you. Our next case for argument is Lind versus Sessions.
judges: Fisher, Paez, Nguyen